# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**ANTOINNE E. MILES**                                                                                          **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 3:25-cv-00142-JHM**

**LOUISVILLE METRO GOVERNMENT,** *et al.*                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Antoinne E. Miles, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. This matter is currently before the Court on initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff identifies himself as a pretrial detainee housed in the Louisville Metro Department of Corrections (LMDC). He sues Louisville Metro Government and LMDC Correction Officer E. Smith in his individual and official capacities.

Plaintiff's complaint alleges that on May 28, 2024, Defendant Smith approached Plaintiff in his dorm and told him to "pick [up] my shit. I asked why he said 'your being moved.'" Plaintiff inquired as to why he was being moved, to which Smith responded that he did not know. Plaintiff asked to speak to a sergeant and waited with "his back to the door." Smith returned to Plaintiff's dorm with a female correction officer to assist him, and asked Plaintiff if he was going to "pick up." Plaintiff, with his back still turned,

> felt a sharp pain in my back that caused me to drop to my knee, I soon realized I was being tazed. I was never told to put my hands behind my back to be cuffed before I was tazed. I was never asked to come with neither officer before I was tazed. I was only told I

>was being moved, which the officer could have done without me packing my property. I was told to put my hands behind my back after I was tazed. I did so without any confrontation after that.

Plaintiff asserts that the aforementioned acts constitute excessive force in violation of the Fourteenth Amendment. As relief, Plaintiff seeks monetary and punitive damages, and any other fees incurred.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less

stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Official-Capacity Claim/Louisville Metro Government

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). This means that Plaintiff's official-capacity claim against Defendant Smith, an LMDC employee, is actually against his employer, Louisville Metro Government. Thus, the excessive force claim against Defendant Smith in his official capacity will be dismissed as redundant to his claim against Louisville Metro Government.

As to the claim against Louisville Metro Government, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d

358, 363-64 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983. *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff's allegations pertain only to himself, and he does not allege that any constitutional violation occurred pursuant to a policy or custom of the Louisville Metro Government. Accordingly, Plaintiff's official-capacity claim against Smith and his claim against Louisville Metro Government must be dismissed for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claim

Construing the complaint liberally, Plaintiff alleges that Smith tased him in his back without warning or orders to comply. Based on this allegation, the Court will allow a Fourteenth Amendment excessive force claim to proceed against Defendant Smith in his individual capacity. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015) ("[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable.").

### IV. ORDER

For the foregoing reasons,

**IT IS ORDERED** that the Fourteenth Amendment excessive force claim for damages against Defendant Smith in his individual capacity will continue past initial review. In permitting this claim to continue, the Court passes no judgment on its merit and ultimate outcome. The Court will enter a separate Scheduling Order to govern the development of this claim.

**IT IS FURTHER ORDERED** that all other claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate Louisville Metro Government as a Defendant.

Date: July 14, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.015